UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ODELL RUTLEDGE,

    Petitioner,

v.　　　　　　　　　　　　　　　　　Case No.  1:16cv5/MP/CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    This habeas case, filed under 28 U.S.C. § 2254, is before the court upon referral from the clerk.  On December 13, 2015, petitioner filed a § 2254 petition in the United State District Court for the Middle District of Florida in which he challenged his 2007 conviction in Alachua County Circuit Court for two counts of engaging in sexual activity with a child, 12-18 years old, by a person in familial or custodial authority.  (Doc. 1).  The Middle District transferred the petition to this court on December 30, 2015.  (Doc. 3).  This case was opened on January 5, 2016. (Doc. 5).

    On January 6, 2016, the undersigned ordered petitioner to submit, within thirty days:  (1) the $5.00 filing fee or a complete application to proceed *in forma*

*pauperis*, and (2) two identical service copies of his habeas petition and attachments. (Doc. 7). Petitioner was warned that failure to comply with the order would result in dismissal of this case.

Petitioner paid the filing fee on February 16, 2016 (doc. 11), but he did not submit the requisite service copies. Accordingly, on March 3, 2016, the court ordered petitioner to show cause why this case should not be dismissed for failure to comply with an order of the court. (Doc. 12). Petitioner responded by filing a document titled "Supplemental to Petition", in which it appeared he sought to amend his petition to include allegations of "newly discovered evidence" to overcome a statute of limitations bar. (Doc. 13). Petitioner referenced an "attached petition", but there was no attachment. There were also no service copies of his original petition.

By order issued March 22, 2016, the court informed petitioner that he could amend his petition once as a matter of course. (Doc. 14, p. 1). The court provided petitioner a new petition form and gave him thirty days in which to either (1) file an amended petition accompanied by two service copies, or (2) submit two identical service copies of his original petition. Petitioner was warned that failure to comply with the order would result in dismissal of this case. (Doc. 14, pp. 2-3). Petitioner has not responded to the order.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with court orders.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of May, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 1:16cv5/MP/CJK*